*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★     ★ ★ ★



# MEMORANDUM OPINION

No. 04-09-00610-CR

David **URDIALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 07-1452-CR
Honorable Gary L. Steel, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:       Sandee Bryan Marion, Justice
              Phylis J. Speedlin, Justice
              Marialyn Barnard, Justice

Delivered and Filed: June 9, 2010

AFFIRMED

Appellant David Urdiales pled guilty to possession of less than one gram of a controlled substance and was sentenced to twelve months' confinement. In his sole issue on appeal, appellant argues the trial court erred in denying his motion to suppress because police violated his Fourth Amendment rights by (1) requiring him to exit his vehicle and (2) not having probable cause on which to detain him. We affirm.

**FACTUAL BACKGROUND**

In June of 2007, Officer Manuel Pacheco initiated a traffic stop of a vehicle with a defective brake-light driven by appellant. Officer Pacheco asked appellant for his driver's license and proof of insurance, at which point he noticed the smell of alcohol on appellant's breath and saw a beer bottle on the rear floorboard of appellant's car. Officer Pacheco instructed appellant to exit the vehicle and asked him whether he had been drinking and whether there was alcohol in his car. Appellant stated he had consumed two beers and there was beer in the back seat. Officer Pacheco's video recorder in his patrol vehicle was not functioning, so he called for another officer with a functional recorder to respond. After the second patrol vehicle arrived, Officer Pacheco asked appellant on camera for his consent to search the vehicle. Appellant gave Officer Pacheco his consent, and in a search of the vehicle cocaine was discovered.

**DISCUSSION**

In his sole issue on appeal, appellant argues the trial court erred in denying his motion to suppress because Officer Pacheco violated his Fourth Amendment rights. Appellant argues Officer Pacheco exceeded the scope of the stop by requiring him to exit his vehicle as opposed to merely issuing him a citation for the defective brake-light. Appellant also asserts Officer Pacheco had no probable cause to justify his continued detention while additional officers responded to videotape his detention.[1] Appellant concludes that, because his Fourth Amendment rights were violated, any contraband discovered as a result of the search of his car should have been suppressed.

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). We view the record in the light most

---

[1] The record does not reflect the length of time that passed until the second patrol car arrived.

favorable to the trial court's conclusion and reverse the judgment only if it is outside the zone of reasonable disagreement. *Id.* We sustain the lower court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.* We give almost total deference to a trial court's express or implied determination of historical facts and review de novo the court's application of the law to those facts. *Id.*

The Fourth Amendment protects against unreasonable searches and seizures by government officials. U.S. CONST. amend. IV. In order to suppress evidence because of an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct. *Amador v. State*, 221 S.W.3d 666, 672 (Tex. Crim. App. 2007). Where, as here, a search or seizure is conducted without a warrant, the burden shifts to the State to show that the search or seizure was reasonable under the totality of the circumstances. *Id.* at 672-73.

Stopping an automobile and detaining its occupants constitutes a seizure within the meaning of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809-10 (1996). A police officer may stop a motorist without violating the Fourth Amendment if the officer has probable cause to believe that the motorist has committed a traffic violation. *See id.* at 810; *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000). If an officer observes a traffic violation, probable cause for a traffic stop exists, and the officer is free to enforce the laws and detain the driver for the violation. *See* TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 2005). Also, an officer may briefly detain an individual for the purpose of investigating possibly-criminal behavior. *See Terry v. Ohio*, 392 U.S. 1, 22 (1968); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). Under these circumstances, the officer must be able to point to specific, articulable facts that, when combined

with rational inferences from those facts, would lead the officer to reasonably conclude that the individual is, has been, or soon will be engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

Operating a vehicle with a defective brake-light is a violation of the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. § 547.323 (Vernon 1999). Because Officer Pacheco observed that appellant's vehicle had a defective brake-light in violation of the Transportation Code, he had probable cause to stop appellant. Once Officer Pacheco approached appellant he also observed that appellant had alcohol on his breath and a beer bottle on the back floorboard. Therefore, Officer Pacheco had probable cause, based on specific, articulable facts, to detain appellant for the purpose of determining whether appellant was driving while intoxicated. After exiting his vehicle, appellant told Officer Pacheco that he had consumed two beers. Appellant later consented to the search of his vehicle. Based on the totality of circumstances, we conclude appellant's traffic stop and subsequent detainment did not violate his Fourth Amendment rights, and the trial court did not err in refusing to suppress evidence obtained pursuant to the search of his car.

## CONCLUSION

We overrule appellant's issue on appeal and affirm the judgment of the trial court.


Sandee Bryan Marion, Justice


DO NOT PUBLISH