In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00217-CR
______________________________


THE STATE OF TEXAS, Appellant
 
V.
 
RICHARD RAYMOND DIXON, II, Appellee


                                              

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 19413


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          The State of Texas appeals from a pretrial order suppressing evidence. The record
shows that Richard Raymond Dixon, II, was stopped for a traffic offense and arrested. In
a search incident to arrest, the officer found between one and four grams of
methamphetamine. Dixon filed a motion to suppress, which the trial court granted after two
pretrial hearings. 
          The State brings three points of error. It first contends the trial court erred in
denying its right to a hearing on the motion to suppress and in making findings of fact when
no evidence was presented. The State presents no argument in support of its position on
this point and admits that the controlling law allows a trial court to decide a pretrial motion
without hearing testimony.


 We find the State's lack of briefing on this point waives the
issue. Further, we note that the request for findings of fact and conclusions of law was
made by the State, not by Dixon. The doctrine of invited error applies, and even if the trial
court did err by entering findings of fact, that could not enure to the benefit of the State. 
See Prystash v. State, 3 S.W.3d 522, 530–32 (Tex. Crim. App. 1999). 
          The State primarily relies on its third point of error, wherein it contends the evidence
is insufficient to support the trial court's order of suppression because the court relied on
a concept of law that was improperly applied. Specifically, the State contends the trial
court suppressed the evidence because it concluded the evidence was improperly obtained
through a pretext stop. The State argues that the court's ruling rested on its conclusion this
was a pretext stop and thus was per se illegal. 
          The State's argument is not fully supported by the court's written findings and
conclusions. The court stated in its written conclusions it was suppressing the evidence
because of the inordinate delay between the alleged traffic offense—not signaling a turn
within 100 feet of an intersection


—and the alleged traffic stop. The State did not suggest
that the driver did not signal, but that he did not signal "within so many feet" before he
turned. The record shows that, at the location of the alleged failure to signal, the street
divides and a driver in the right-hand lane is required to turn right. The trial court found that
Dixon's vehicle turned right at this location and concluded the turn was lawful.


  
          The record further shows that, after this alleged traffic violation, the officers followed
Dixon's vehicle for over three miles at in-town speeds before stopping the vehicle, with no
suggestion of any reason for a delay. The record also shows that the officers asked for
and received permission to search the vehicle, and found nothing. They searched Dixon,
and found nothing. They searched the companion, Tina Morales, and found nothing. They
then called for a drug dog and a female officer. The drug dog found nothing. However,
the female officer searched Morales and found three baggies of methamphetamine in her
underwear. 
          An officer may legally initiate a traffic stop if such officer has a reasonable basis for
suspecting a person has committed a traffic offense. See Garcia v. State, 827 S.W.2d
937, 944 (Tex. Crim. App. 1992). The burden is on the state to demonstrate the
reasonableness of the stop. Tex. Dep't of Pub. Safety v. Chang, 994 S.W.2d 875, 877
(Tex. App.—Austin 1999, no pet.). Stopping a vehicle and detaining its occupants is a
seizure within the meaning of the Fourth Amendment. Delaware v. Prouse, 440 U.S. 648,
653 (1979); Garza v. State, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989). A seizure under
the Fourth Amendment must be objectively reasonable in light of the particular
circumstances of the case. Maryland v. Wilson, 519 U.S. 408, 411 (1997); Terry v. Ohio,
392 U.S. 1, 21–22 (1968). Whether a stop is reasonable depends on "a balance between
the public interest and the individual's right to personal security free from arbitrary
interference by law officers." Wilson, 519 U.S. at 411; United States v. Brignoni-Ponce,
442 U.S. 873, 878 (1975); Prouse, 440 U.S. at 654–55.
          The trial court concluded that the traffic stop was not reasonable, finding that it
occurred 3.2 miles from the point of the alleged illegal turn and that "[n]o outside force or
entity interfered with the arresting officer's ability to stop [Dixon]'s vehicle between the point
of the alleged violation and the actual stop . . . ." The court specifically found that the
officers' stop of Dixon was not within a reasonable time or a reasonable distance after the
alleged violation. 
          The State argues this scenario is effectively the same one addressed by this Court
in Kreie v. State, No. 06-03-00084-CR, 2003 Tex. App. LEXIS 9076 (Tex.
App.—Texarkana Oct. 24, 2003, no pet.) (not designated for publication). In that case, we
recognized explicitly that the pretext doctrine no longer invalidates a stop and that, in
considering whether an offense has been committed, "an officer's subjective intent is
relevant only to a credibility determination of his stated reasons for stopping or arresting
an individual." Id. at *3; Garcia, 827 S.W.2d at 944. We also recognized that, if a trial
court disbelieved that an offense had occurred, then the court could suppress the evidence
obtained as a result of the unlawful stop and that we are required to defer to the trial court's
ruling because it necessarily turns on an evaluation of the credibility of the witnesses.
Kreie, 2003 Tex. App. LEXIS 9076, at *3–4; State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim.
App. 2000).


 
          The critical difference in the instant case and Kreie is that, in this case, the court did
not suppress the evidence because it found the stop was merely a pretext to look for drugs. 
The court suppressed the evidence because it concluded the 3.2-mile delay between the
officers' claimed observation of a traffic offense and the ultimate stop was not within a
reasonable time or a reasonable distance after the alleged violation. It also specifically
found that nothing interfered with the officers' ability to stop the vehicle earlier.  
          At a suppression hearing, the trial court is the sole judge of the credibility of the
witnesses and the weight to be given their testimony, and may choose to believe or
disbelieve any or all of a witness' testimony. Alvarado v. State, 853 S.W.2d 17, 23 (Tex.
Crim. App. 1993); Allridge v. State, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991). In this
case, the trial court entered findings of fact (inferring findings in favor of ruling). The trial
court's ruling will only be reversed on appeal if no reasonable view of the record can
support the trial court's conclusion under the correct law as applied to the facts viewed in
the light most favorable to its legal conclusion. DuBose v. State, 915 S.W.2d 493, 497–98
(Tex. Crim. App. 1996); State v. Rivenburgh, 933 S.W.2d 698, 700 (Tex.
App.—San Antonio 1996, no pet.). To establish an abuse of discretion, the appealing party
must show that the trial court's ruling lies outside the "zone of reasonable disagreement." 
DuBose, 915 S.W.2d at 496–97.  
          Further, the appellate court must sustain the trial court's ruling if it is reasonably
supported by the record and is correct on any theory of law applicable to the case. 
Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); James v. State, 72
S.W.3d 35, 40 (Tex. App.—Texarkana 2001, pet. ref'd).
          There is little guidance to be had on the question of how much time or distance can
elapse between an officer's claimed observation of a traffic offense and the eventual stop. 
In a recent case reviewing a traffic stop, the Texas Court of Criminal Appeals looked at the
distance on an interstate highway that an officer followed an alleged traffic violator as a
consideration in deciding whether the officer was exercising a community caretaker
function in stopping the vehicle. Corbin v. State, 85 S.W.3d 272, 278 (Tex. Crim. App.
2002). The officer testified he had seen the car veer slightly over the side line and then
move back into its lane. The court noted the officer had followed the car for over a mile
before stopping the driver. Although the court did not make its decision based solely on
the distance or length of time the officer followed the vehicle, that is clearly a matter to be
considered when a court is deciding whether a traffic stop is reasonable. 
          We do not hold that a delay of this distance will always be unreasonable. In each
such instance, the court should properly consider all of the factors surrounding the stop.


 
In that context, we reiterate that the trial court made a specific finding that nothing would
have prevented an earlier stop, that the stop was 3.2 miles from the point of the alleged
violation, and that the stop was not made either within a reasonable time or a reasonable
distance after the alleged violation. 
          There were no witnesses to give formal testimony in this case, but it is clear counsel
for both sides agreed on the facts involved, the sequence of events, and the reasons for
the actions taken by the arresting officers. It was within the discretion of the trial court to
determine whether to believe the officers' allegations. See Meek v. State, 790 S.W.2d 618,
620 (Tex. Crim. App. 1990). A reasonable review of the record supports the court's
decision in this, as well as in its determination that too much time and space elapsed
before the stop. We find the record can reasonably be viewed as supporting the trial
court's conclusion, when viewed in the light most favorable to that conclusion. See
DuBose, 915 S.W.2d at 497–98; Rivenburgh, 933 S.W.2d at 701.
 

          We affirm the judgment.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      October 25, 2004
Date Decided:         November 23, 2004

Publish