IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0077-05






THE STATE OF TEXAS



v.



RICHARD RAYMOND DIXON II, Appellee





ON STATE'S MOTION FOR REHEARING


FROM THE 6TH COURT OF APPEALS


LAMAR COUNTY





 Per curiam. Womack, J., concurs. Keller, P.J., dissents.


O R D E R



 The State Prosecuting Attorney has filed a motion for rehearing and urges this Court to
reconsider its decision on original submission. The State Prosecuting Attorney's original petition
for discretionary review raised one ground: "In order to render lawful a motor vehicle stop for a
traffic offense, must the stop be effected within a reasonable time and a reasonable distance after the
alleged violation." The short answer to that issue, as set out in the original opinion, was yes. 

 The State Prosecuting Attorney now complains that the analysis in the original opinion was
improper and that the opinion did not address the decision and reasoning of the court of appeals. We
note that the court of appeals included in its opinion an alternative holding: "There were no
witnesses to give formal testimony in this case, but it is clear counsel for both sides agreed on the
facts involved, the sequence of events, and the reasons for the actions taken by the arresting officers. 
It was within the discretion of the trial court to determine whether to believe the officers' allegations. 
See Meek v. State, 790 S.W.2d 618, 620 (Tex. Crim. App. 1990). A reasonable review of the record
supports the court's decision in this, as well as in its determination that too much time and space
elapsed before the stop. We find the record can reasonably be viewed as supporting the trial court's
conclusion, when viewed in the light most favorable to that conclusion." Dixon v. State, 151 S.W.3d
271, 275 (Tex. App-Texarkana 2004).

 The State Prosecuting Attorney did not seek review of that alternative ruling. When a court
of appeals issues alternative rulings on the same issue, its decision will be affirmed if fewer than all
alternative rulings are appealed. Sims v. State, 792 S.W.2d 81, 82 (Tex. Crim. App.
1990)(improvidently granted; appellant did not challenge the court of appeals's alternative holding.) 
See also, 43A George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and
Procedure § 44.30 (2d ed. 2001)(unless all alternative grounds are challenged, a ruling from the
Court of Criminal Appeals does not affect the outcome and is therefore advisory.) The State
Prosecuting Attorney's motion for rehearing is denied. 


Filed: June 14, 2006

Publish