**Opinion filed April 18, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00143-CR

_____

### JIMMIE DEAN HOGUE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR37064**

## M E M O R A N D U M   O P I N I O N

The jury convicted Jimmie Dean Hogue of two counts of aggravated robbery and one count of robbery and assessed a 99-year sentence for each count. The trial court sentenced Appellant accordingly and ordered the sentences to be served concurrently. The sole issue in this appeal is whether the trial court erred when it denied Appellant's motion to suppress because he claimed that, following his arrest, he had invoked his Fifth Amendment right to counsel[1] before

---

[1]U.S. CONST. amend. V.

he spoke to a sheriff's investigator. We have reviewed the United States Supreme Court decisions in *Miranda v. Arizona*, *Edwards v. Arizona*, *Davis v. United States*, and *Montejo v. Louisiana* and the Texas Court of Criminal Appeals decisions in *Davis v. State*, *State v. Gobert*, and *Pecina v. State*.[2] We also have noted a corollary standard for juveniles in *In re H.V.*[3] We hold that Appellant's statement that "I feel like I need a lawyer" is not a clear and unequivocal request for an attorney under the Fifth Amendment and did not invoke his right to speak with counsel before questioning and having counsel present during any custodial interrogation. We affirm.

## I. Background

The police had an outstanding arrest warrant for Appellant for aggravated robbery, and he turned himself in to them. Detective Kay Therwhanger with the Midland Police Department and Investigator Thomas Hunnicutt with the Midland County Sheriff's Department had been investigating several robberies in the City of Midland and Midland County. Appellant was intoxicated at the time of his arrest, and officers waited until the next day to interview him.

Investigator Hunnicutt interviewed Appellant more than twenty-four hours after his arrest. We have reviewed the interview video. Investigator Hunnicutt began the interrogation by warning Appellant of his statutory and constitutional rights,[4] including the right to an attorney and the right to remain silent. Investigator Hunnicutt then asked Appellant if he wished to waive his rights and talk to him. Appellant did not immediately reply but, in a delayed response, said he had spent most of his life in prison and was likely to return to prison for the rest of his life. Appellant then continued, "I feel like I need a lawyer," and said he was having trouble remembering what had happened over the past two weeks. In response to Appellant's rambling response, Investigator Hunnicutt told Appellant that he could not talk to Appellant unless Appellant agreed, and he asked Appellant if he wanted to speak with him or with a lawyer. Appellant responded by saying, "I'll talk to you." Investigator Hunnicutt then began the interview.

---

[2]*Miranda v. Arizona*, 384 U.S. 436, 472–75 (1966); *Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981); *Davis v. United States*, 512 U.S. 452, 458 (1994); *Montejo v. Louisiana*, 556 U.S. 778 (2009); *Davis v. State*, 313 S.W.3d 317, 341 (Tex. Crim. App. 2010); *State v. Gobert*, 275 S.W.3d 888, 892 (Tex. Crim. App. 2009); *Pecina v. State*, 361 S.W.3d 68 (Tex. Crim. App. 2012), *cert. denied*, 133 S. Ct. 256 (2012); *see Burket v. Angelone*, 208 F.3d 172, 198 (4th Cir. 2000).

[3]*In re H.V.*, 252 S.W.3d 319 (Tex. 2008).

[4]TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2 (West 2005); *Miranda*, 384 U.S. 436.

Appellant moved to suppress his statements to Investigator Hunnicutt. Investigator Hunnicutt testified at the hearing on the motion to suppress that Appellant talked slowly but that he was aware of what was going on. Investigator Hunnicutt stated that Appellant "rambled a little bit, then he said he would talk to us." Investigator Hunnicutt told the court that he even told Appellant it was fine if he wanted an attorney.

The trial court deferred ruling on the motion to suppress until it could watch the recorded statement "several times." The court eventually denied Appellant's motion in a letter to the parties, in which it stated its reasoning:

> [Mr. Hogue's] statement to police . . . following the warning under Article 38.22 was "I feel like I need a lawyer." When officers asked him if he wanted to get an attorney or talk to them, the Defendant said he would talk to them.

> In Ramos v. State, . . . the Court said, "an interrogating officer need not stop his questioning unless the suspect's invocation of rights is unambiguous and the officer is not required to clarify ambiguous remarks." Additionally, in Gobert v. State, . . . the high [C]ourt said the mere mention of "attorney" or "lawyer" does not automatically invoke the right to counsel. An equivocal statement with respect to counsel does not require officers to seek clarification or halt the interrogation.

> Mr. Hogue's statement is found to fall within the rule expressed in these two cases. [Mr. Hogue's] motion to suppress his statements is denied.

Appellant appeals the trial court's order denying his suppression motion.

## II. Standard of Review

We review a trial court's denial of a motion to suppress under a bifurcated standard of review. *Pecina v. State*, 361 S.W.3d 68, 79 (Tex. Crim. App. 2012*)*, *cert. denied*, 133 S. Ct. 256 (2012); *Leza v. State*, 351 S.W.3d 344, 349 (Tex. Crim. App. 2011); *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). We defer to the trial court's findings of historical fact supported by the record and review de novo the trial court's application of the law. *Leza*, 351 S.W.3d at 349; *Herrera v. State*, 241 S.W.3d 520, 526–27 (Tex. Crim. App. 2007); *Davila v. State*, 4 S.W.3d 844, 847–48 (Tex. App.—Eastland 1999, no pet.). We review the evidence in the light most favorable to the trial court's ruling and will uphold the ruling if it is reasonably supported by the record. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).

*III. Analysis*

Appellant argues in his sole issue that, because he invoked his right to an attorney before making the statements to Investigator Hunnicutt, the trial court abused its discretion when it denied his motion to suppress. Appellant contends that the "plain language and ordinary meaning of the words the Appellant used to express his desire for an attorney constitute a clear and unequivocal request."

When a suspect asks for an attorney during a custodial interrogation, officers must halt the interrogation until an attorney has been provided or the suspect reinitiates further communication. *Davis v. United States*, 512 U.S. 452, 458 (1994); *Davis v. State*, 313 S.W.3d 317, 341 (Tex. Crim. App. 2010). To trigger the duty to terminate the interrogation, a suspect must unequivocally request to have counsel present during questioning. *Dinkins v. State*, 894 S.W.2d 330, 351 (Tex. Crim. App. 1995). Merely mentioning "the word 'attorney' or 'lawyer' without more, does not automatically invoke the right to counsel." *Id.* An ambiguous statement or reference to an attorney cannot halt the investigation, and officers are not required to clarify the request. *Davis v. United States*, 512 U.S. at 461–62; *State v. Gobert*, 275 S.W.3d 888, 892 (Tex. Crim. App. 2009); *see also Knight v. State*, No. 11-11-00322-CR, 2013 WL 1087798, at *9 (Tex. App.—Eastland Mar. 14, 2013, no pet. h.) (explaining the difference between invoking Sixth Amendment right to counsel at proceedings and Fifth and Sixth Amendment right to counsel during custodial interrogation) (citing *Pecina*, 361 S.W.3d 68, which discusses Fifth and Sixth Amendment differences in invoking right to counsel, and *Montejo v. Louisiana*, 556 U.S. 778 (2009)).

To sufficiently invoke the right to counsel, the suspect "must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Davis v. United States*, 512 U.S. at 459; *see also Knight*, 2013 WL 1087798, at *9 (citing *Pecina*, 361 S.W.3d at 73, and *Montejo*, 556 U.S. at 796–99). We look to the totality of the circumstances surrounding the interrogation and the alleged invocation to determine whether we can construe the request to be an actual invocation of the right to counsel. *Pecina*, 361 S.W.3d at 79–80; *Dinkins*, 894 S.W.2d at 351.

The United States Supreme Court has held that the statement, "Maybe I should talk to a lawyer," was not a request for an attorney. *Davis v. United States*, 512 U.S. at 462. The Texas Court of Criminal Appeals has held that the statement, "I should have an attorney," was not a

4

request or an express statement that the suspect wanted an attorney. *Davis v. State*, 313 S.W.3d at 341. Similarly, considering the context in which Appellant referenced a lawyer, we hold that "a reasonable police officer in the circumstances would [not] understand the statement to be a request for an attorney." *Davis v. United States*, 512 U.S. at 459.

Appellant recognizes that "the mere mention of the word lawyer does not automatically invoke the right to counsel," but he contends that the trial court failed "to recognize the ultimate application of the law to the quite similar, at least analogous, facts in the *Gobert* case." Appellant argues that, because "the facts of this case are quite similar" to those in *Gobert*, "the analysis should be similar, and the result should be similar, that of granting the requested <u>Motion to Suppress</u>." Because we review the trial court's ruling for an abuse of discretion, we will uphold the ruling if it is within the zone of reasonable disagreement and will reverse only if the trial court acted arbitrarily or without reference to guiding principles. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991); *Brown v. State*, 381 S.W.3d 565, 570–71 (Tex. App.—Eastland 2012, no pet.).

When the defendant in *Gobert* had been arrested, read his constitutional and statutory rights, and asked if he understood those rights, he said, "I don't want to give up any right, though, if I don't got no lawyer." *Gobert*, 275 S.W.3d at 889–90. When immediately asked for clarification by the officers, the defendant agreed to speak to the officers. *Id.* at 890. The Court of Criminal Appeals concluded that the waiver was conditioned on speaking to his attorney and that the request for an attorney was unequivocal. *Id.* at 893. The court explained that the defendant's subsequent agreement to speak to police was immaterial once he had invoked his right to counsel. *Id.* at 894–95.

We disagree that the facts here justify a similar result because Appellant's statement, "I feel like I need a lawyer," was not an unambiguous request or express statement he wanted an attorney that required Hunnicutt to halt the interrogation. *See Davis v. State*, 313 S.W.3d at 341. Appellant's statement is more akin to the defendant's statement in *Burket v. Angelone* where the court held that the statement, "I think I need a lawyer," given before arrest, was not an unambiguous request for counsel. *Burket v. Angelone*, 208 F.3d 172, 197 (4th Cir. 2000). The Fourth Circuit also noted that, even if the *Burket* defendant had been in custody, the statement still could not invoke the right to counsel, referencing *Davis v. United States*. *Id.* The statements, "I feel like I need a lawyer" and "I think I need a lawyer," are substantially the same

5

and, under federal and Texas case law, do not unambiguously tell police the defendant is invoking his right to counsel. Because Appellant did not unequivocally request an attorney and invoke his right to counsel, the trial court did not err when it denied his motion to suppress. Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the trial court's judgment.


MIKE WILLSON

JUSTICE


April 18, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.