**Opinion filed May 19, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00329-CR

_____

## MICHAEL CORNELIUS PRATT, Appellant
## V.
## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 25404A**

---

## M E M O R A N D U M   O P I N I O N

Appellant, Michael Cornelius Pratt, pleaded guilty to robbery. The trial court assessed punishment at confinement for ten years and sentenced him. Appellant's sole issue on appeal is whether the trial court erred when it denied Appellant's motion to suppress statements that he made in a custodial interrogation after he claimed that he had invoked his Sixth Amendment right to counsel. We affirm.

## I. *Evidence at Suppression Hearing*

Appellant, while in custody, received his *Miranda*[1] and statutory warnings from Rogelio Romero,[2] a detective with the Abilene Police Department. Abilene police interviewed Appellant for approximately two hours over a period of four hours and twenty minutes and recorded the interview. At the beginning of the interview, Appellant acknowledged that he understood the warnings given to him and Appellant agreed to talk to Detective Romero. Twenty-nine minutes into the interview, Appellant made his only reference to an attorney. Appellant said, "I think I need a lawyer, bro." Detective Romero continued the interview after Appellant's statement.

Detective Romero investigated a burglary and suspected Appellant was involved. The victim reported that three men went into his house, fired a gun, stole items, and tied him up. Law enforcement arrested Appellant in a car with another suspect, "G." "G" carried a gun that was missing a single round of ammunition.

The conversation between Appellant and Detective Romero went as follows:

Appellant: You're going to try to pin this s--t on me.

Detective Romero: I'm not trying . . . I'm just trying to let you . . . give you an opportunity to tell me what happened.

Appellant: I didn't have s--t to do with no f----n' guns, no poppin' off of rounds, or nobody runnin' up in . . . . Man, I think I would remember that, bro. You know what I'm sayin'? I don't have nothin' to do with no s--t like that . . . . That s--t was not me. Bring me that m----rf----r in here . . . .

Detective Romero: Were you the one that the victim is saying that that ran out of the house and didn't want any part of it? Was that you?

---

[1]*Miranda v. Arizona*, 384 U.S. 436, 474 (1966).

[2]TEX. CODE CRIM. PROC. ANN. art. 38.22 (West Supp. 2015).

Appellant: No! What f----n' house? I think I need a lawyer, bro.

Detective Romero: I'm just trying to give you a chance --

Appellant: No.

Detective Romero: -- to give . . . an explanation.

Appellant: Well, s--t, I don't need a f----n' chance, cause I didn't do none of this s--t.

Appellant continued to talk to Detective Romero and other officers and never again used the word "attorney" or "lawyer." Furthermore, Appellant did not condition his continued participation in the interview on his securing an attorney or lawyer. Appellant ultimately incriminated himself. Law enforcement officers provided Appellant a cigarette break and water, and they entered and exited the room several times during the interview. The district court denied Appellant's motion to suppress. He appeals.

## II. *Standard of Review*

We examine a trial court's denial of a motion to suppress under a bifurcated standard of review. *Pecina v. State*, 361 S.W.3d 68, 78–79 (Tex. Crim. App. 2012). We give due deference to the trial court's findings of fact supported by the record and review de novo the trial court's application of fact to law. *Leza v. State*, 351 S.W.3d 344, 349 (Tex. Crim. App. 2011). We review the evidence in the light most favorable to the trial court's ruling and will uphold the ruling if it is reasonably supported by the record. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

## III. *Analysis*

Appellant argues that he invoked his right to an attorney during the interrogation and that the trial court abused its discretion when it failed to suppress statements that he made to Detective Romero. Officers must halt a custodial

3

interrogation when a suspect invokes his right to an attorney. *Davis v. United States*, 512 U.S. 452, 458 (1994); *Davis v. State*, 313 S.W.3d 317, 341 (Tex. Crim. App. 2010). A suspect invokes his right to an attorney when he or she unequivocally requests to speak to an attorney or have an attorney present at the interview. *Dinkins v. State*, 894 S.W.2d 330, 351 (Tex. Crim. App. 1995). Merely using the words "attorney" or "lawyer" is not sufficient because law enforcement is not required to clarify a suspect's request. *Davis*, 512 U.S. at 461–62; *Dinkins*, 894 S.W.2d at 351. A person must "articulate his desire" so that "a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Davis*, 512 U.S. at 459. The test to determine whether a person invoked the right to counsel is an objective standard based on the totality of the circumstances, and those circumstances can contribute to the ambiguity of a request. *See Davis*, 313 S.W.3d at 339, 341.

During his interview with Detective Romero, Appellant said out loud, "I think I need a lawyer, bro." Detective Romero was not required to clarify Appellant's statement. *See Davis*, 512 U.S. at 461–62. The United States Supreme Court held in *Davis v. United States* that the statement, "Maybe I should talk to a lawyer," was not a request for an attorney. *Id.* at 462. The Court of Criminal Appeals held in *Davis v. State* that the statement, "I should have an attorney," was not a request for an attorney. 313 S.W.3d at 341. The Court of Criminal Appeals explained: "Assuming *arguendo* that a 'should' statement could constitute an unambiguous request under the right circumstances, the circumstances present here convince us that an unambiguous request for counsel was not made." *Id.*

We have held that the statement, "I feel like I need a lawyer," which was made during a suspect's interview with police, was not an unambiguous request or an express statement that he wanted an attorney. *Hogue v. State*, No. 11-11-00143-CR, 2013 WL 1748836, at *3 (Tex. App.—Eastland Apr. 18, 2013, no pet.) (mem. op.,

4

not designated for publication). Additionally, the Fourth Circuit determined that the pre-arrest statement, "I think I need a lawyer," was ambiguous and was not a clear request for counsel. *Burket v. Angelone*, 208 F.3d 172, 197 (4th Cir. 2000).

Appellant's statement, "I think I need a lawyer, bro," was not an express statement requesting a lawyer, but an ambiguous statement of Appellant's own thoughts. *See Burket*, 208 F.3d at 197; *Davis*, 313 S.W.3d at 341. Appellant agreed to talk to law enforcement and continued to engage with law enforcement after his verbal contemplation. Each time Detective Romero left and then returned to the interview room, Appellant continued to talk to him. The statement, "I think I need a lawyer, bro," is just like the statements, "Maybe I should talk to a lawyer," "I think I need a lawyer," "I should have an attorney," and "I feel like I need a lawyer." *See Davis v. United States*, 512 U.S. at 461–62; *Burket*, 208 F.3d at 197; *Davis*, 313 S.W.3d at 341; *Hogue*, 2013 WL 1748836, at *3. Appellant did not unambiguously invoke his right to counsel. We hold that the trial court did not abuse its discretion when it denied Appellant's motion to suppress. We overrule Appellant's sole issue.

IV. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


May 19, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5