

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00288-CR

**SHARON ANN HILL,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 82nd District Court
### Robertson County, Texas
### Trial Court No. 20-11-21214-CR

## MEMORANDUM OPINION

Sharon Ann Hill was charged by indictment with unlawful possession of a controlled substance—methamphetamine—with intent to deliver in an amount greater than four grams, but less than 200 grams. *See* TEX. HEALTH AND SAFETY CODE ANN. § 481.112(a)(d). Prior to trial, Hill filed a motion to suppress alleging, among other things, that the Franklin Police Department conducted an illegal search and seizure of her person and property. After a hearing, the trial court denied Hill's motion to suppress and

entered findings of fact and conclusions of law. Thereafter, pursuant to a plea agreement with the State, Hill pleaded guilty to the charged offense. The trial court accepted Hill's plea and found her guilty. The trial court then sentenced her to a term of ten years in prison with a $500 fine and $180 in restitution, suspended the sentence, and placed her on community supervision for six years. The trial court also certified that, although this is a plea-bargain case, Hill has the right to appeal matters raised by written motion filed and ruled on before trial.

In one issue, Hill complains that the trial court abused its discretion in denying her motion to suppress because the testimony and evidence showed that the stop and detention of her vehicle was unlawful, without reasonable suspicion, or probable cause in violation of the Fourth Amendment of the United States Constitution and article I, section 9 of the Texas Constitution. *See* U.S. CONST. amend. IV; *see also* TEX. CONST. art. I, § 9. We affirm.

**Standard of Review**

We review the trial court's ruling on a motion to suppress evidence for an abuse of discretion, using a bifurcated standard. *See Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010); *Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997). We give "almost total deference" to the trial court's findings of historical fact that are supported by the record and to mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. We review de novo the trial court's

determination of law and its application of law to facts that do not turn upon an evaluation of credibility and demeanor. *Id.* When the trial court has not made a finding on a relevant fact, we imply the finding supports the trial court's ruling, so long as it finds some support in the record. *State v. Kelly*, 204 S.W.3d 808, 818-19 (Tex. Crim. App. 2006); *see Moran v. State*, 213 S.W.3d 917, 922 (Tex. Crim. App. 2007). We will uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

When ruling on a motion to suppress evidence, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Weide v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). When reviewing a trial court's ruling on a motion to suppress, we view all of the evidence in the light most favorable to the ruling. *Garcia-Cantu v. State*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008).

## Analysis

In her sole issue on appeal, Hill contends that the trial court abused its discretion by denying her motion to suppress because the stop and detention of her vehicle was unlawful given that the video evidence refutes the police officer's claim that she unlawfully drove on an improved shoulder and that the police officer was unable to offer specific and articulable facts, other than allegedly driving on an improved shoulder, that supports reasonable suspicion or probable cause for the stop and detention. We disagree.

The Fourth Amendment is not a guarantee against all searches and seizures, but only against searches and seizures that are unreasonable. *United States v. Sharpe*, 470 U.S. 675, 682, 105 S. Ct. 1568, 1573, 84 L. Ed. 2d 605 (1985). For Fourth Amendment purposes, a traffic stop is a seizure and must be reasonable to be lawful. *See Davis v. State*, 947 S.W.2d 240, 243-45 (Tex. Crim. App. 1997); *see also Vasquez v. State*, 324 S.W.3d 912, 919 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). A traffic stop is reasonable if the police officer was justified in making the stop and his actions during the stop were confined in length and scope to that necessary to fulfill the purpose of the stop. *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004). Put simply, an officer may initiate a traffic stop if he has reasonable suspicion for suspecting that a person has committed a traffic violation. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). However, there is no requirement that an actual traffic offense be committed, just that the officer reasonably believed that a violation was in progress. *Vasquez*, 324 S.W.3d at 919 (citing *Green v. State*, 93 S.W.3d 541, 545 (Tex. App.—Texarkana 2002, pet. ref'd)).

"A police officer has reasonable suspicion to detain a person if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity." *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011); *see Green v. State*, 256 S.W.3d 456, 461 (Tex. App.—Waco 2008, no pet.). This standard is an objective one that disregards the subjective intent or motive of the detaining officer and, instead,

looks to whether there was an objective justification for the detention. *Elias*, 339 S.W.3d at 674. The determination of reasonable suspicion is based on the totality of the circumstances. *Ford v. State*, 158 S.W.3d 488, 492-93 (Tex. Crim. App. 2005).

The State bears the burden of demonstrating the reasonableness of a traffic stop. *See State v. Police*, 377 S.W.3d 33, 36 (Tex. App.—Waco 2012, no pet.) (citing *Goudeau v. State,* 209 S.W.3d 713, 716 (Tex. App.—Houston [14th Dist.] 2006, no pet.)). This inquiry focuses on whether a person of reasonable caution, looking at the facts available to the officer at the moment of the investigation, would believe that a traffic violation occurred. *Goudeau*, 209 S.W.3d at 716.

In its findings of fact, the trial court noted that:

1. During the hearing, Officer Steven Barber of the Franklin Police Department, now a deputy sheriff, testified that on or about October 4, 2019, he personally observed a black Chrysler sedan . . . drive on the improved shoulder completely crossing the fog line with both passenger side tires on U.S. Highway 79 North inside the city limits of Franklin. This testimony was uncontroverted.

2. Barber further testified that, at the time he observed the black Chrysler drive on the shoulder, it was not for the purpose 1) to stop, stand, or park; 2) to accelerate before entering the main traveled lane of traffic; 3) to decelerate before making a right turn; 4) to pass another vehicle that is slowing or stopped on the main traveled portion of the highway, disabled, or preparing to make a left turn; 5) to allow another vehicle traveling faster to pass; 6) as permitted or required by an official traffic-control device; or 7) to avoid a collision.

Based on Officer Barber's testimony, the trial court concluded that Officer Barber lawfully stopped the vehicle driven by Hill based on a violation of section 545.058(a) of the Texas Transportation Code. *See* TEX. TRANS. CODE ANN. § 545.058(a).

Section 545.058(a) of the Texas Transportation Code provides the following, in pertinent part:

> (a) An operator may drive on an improved shoulder to the right of the main traveled portion of a roadway if that operation is necessary and may be done safely, but only:
>
> (1) to stop, stand, or park;
>
> (2) to accelerate before entering the main traveled lane of traffic;
>
> (3) to decelerate before making a right turn;
>
> (4) to pass another vehicle that is slowing or stopped on the main traveled portion of the highway, disabled, or preparing to make a left turn;
>
> (5) to allow another vehicle traveling faster to pass;
>
> (6) as permitted or required by an official traffic-control device; or
>
> (7) to avoid a collision.

*Id.*

At the hearing on Hill's motion to suppress, Officer Barber testified that as he pulled onto the roadway heading eastbound on U.S. 79, he noticed Hill "go over the white line onto the improved shoulder of the highway. She did this a couple of different times. And then as I pulled around [another] vehicle, I observed it again right at the apex of the

big curve that we were coming around." Officer Barber also noted that "the two tires on the passenger's side went completely over the white line." He further testified that, "of the two times that you saw her tires go completely over the white line," she was not beginning to stop, stand, park on the shoulder; she was not accelerating before entering the main traffic lane of the highway; she was not decelerating before making a left turn; she was not passing another vehicle that was slowing or stopped in the main lane or a vehicle that was prepared to make a left turn; she was not following a traffic-control vehicle permitting or requiring her to travel on the shoulder; and she was not traveling on the shoulder to avoid a collision.

Despite Officer Barber's testimony at the suppression hearing, Hill argues on appeal that the dashcam video from Officer Barber's police vehicle does not show that both of the passenger-side tires completely cross the white fog line. Hill contends that the dashcam video shows her, at best, touching the fog line with her passenger tires, which she asserts is not a violation of section 545.058(a). *See State v. Cortez*, 543 S.W.3d 198, 206 (Tex. Crim. App. 2018).

The record does not support Hill's contention that she did not commit a traffic violation. Officer Barber testified that he observed Hill cross the fog line multiple times when he pulled onto the highway, but before the dashcam video activated. Furthermore, we have reviewed the dashcam video that was played at the hearing; it does not

conclusively establish a traffic violation or that Hill's passenger tires merely touched, rather than completely crossed, the fog line.

Considering that the trial court is the exclusive trier of fact and judge of the credibility of the witnesses and is free to believe or disbelieve all or any part of a witness's testimony, and Officer Barber testified that he observed Hill's passenger tires completely cross the fog line multiple times prior to the activation of the dashcam video, we conclude that the facts in this case gave rise to reasonable suspicion to detain Hill. As such, we cannot conclude that the trial court abused its discretion when it denied Hill's motion to suppress. *See Crain*, 315 S.W.3d at 48; *see also Guzman*, 955 S.W.2d at 88-89. We overrule Hill's sole issue on appeal.

## Conclusion

We affirm the judgment of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith
Affirmed
Opinion delivered and filed April 27, 2022
Do not publish
[CR25]

