# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00040-CR

**Kenneth Knotts, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT
### NO. D-1-DC-09-204541, HONORABLE FRED A. MOORE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Pursuant to a plea bargain, appellant Kenneth Knotts pleaded guilty to possession of more than four grams of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115(a), (d) (West 2010). The district court adjudged him guilty and assessed punishment at two years' imprisonment. Appellant's sole contention on appeal is that the court erred by overruling his pretrial motion to suppress evidence. We overrule this contention and affirm the conviction.

A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). This means that the ruling will be upheld if it is reasonably supported by the record and is correct under any applicable legal theory. *Id*. The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give the trial court

almost complete deference in determining historical facts, but we review de novo the trial court's application of the law to those facts. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).

The motion to suppress was heard by a criminal magistrate, who prepared written findings and recommendations for the court. The magistrate's report contains this succinct and accurate summary of the evidence, together with the magistrate's findings and conclusions:

> Officer M. Schultheis of the Austin Police Department [the only witness] testified that he was on bicycle patrol in the Austin 6th Street entertainment area, at about dusk, targeting street sales of narcotics and burglary of vehicles. He saw the defendant standing in the middle of E. 4th Street. The officer had personally arrested street level dealers in this block, and the area is well documented as being a place where drugs are sold by persons on foot. When the defendant saw the officer he immediately moved rapidly to a parked car and attempted to enter it but his hand was shaking too badly to put the key in the lock. As the officer approached closer he saw that defendant had a pill bottle in his hand with small white cube shaped objects consistent with crack cocaine. The defendant was looking around rapidly as though looking for an avenue to run away from the officer. The officer grabbed his wrist and detained him to investigate. The items in the pill bottle were consistent with crack cocaine, so the officer arrested him on that charge, plus on an outstanding warrant.
>
> I find the officer was credible, and that he did not exercise any restraint upon defendant until he had seen what, in his training and experience, was consistent in appearance with crack cocaine, defendant's behavior was consistent with him being a street dealer suddenly confronted with the presence of an officer, and defendant appeared to be looking for a path to run away from the officer. The officer's actions were reasonable under the totality of the circumstances.

Appellant agrees that he was not detained until the officer seized his wrist. Appellant urges, however, that the officer at that point did not have a reasonable basis for suspecting that appellant was committing a crime. *See United States v. Cortez*, 449 U.S. 411, 417-18 (1981); *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). Reasonable suspicion exists when an

officer has specific articulable facts that, combined with rational inferences from those facts, lead the officer to reasonably suspect that a person has, is, or soon will be engaged in criminal activity. *Garcia*, 43 S.W.3d at 530.

Appellant contends that Schultheis's testimony "clearly indicated that he did not, in fact, see the contents of the amber pill bottle before grabbing Appellant." This assertion is contradicted by the record. The officer testified that when he was about three feet from appellant, he saw in appellant's right hand a "[c]ell phone and a prescription bottle that had no label which concealed white square chunks consistent with crack cocaine." He was asked by the prosecutor, "But before you grabbed him, you saw the prescription bottle with little rocks in it?" He answered, "That is true." During cross-examination, defense counsel asked, "You couldn't tell those—that was crack cocaine from that distance?" The officer replied, "You could see squares moving back and forth—like I said he was nervous. So it was enough for me to suspect it was crack cocaine."

Appellant further argues that Schultheis could not identify the contents of the pill bottle as crack cocaine rather than some other, legal substance until he seized the bottle. But it was not necessary for the officer to know or even have probable cause to believe that the substance was crack cocaine in order to detain appellant for further investigation. It was only necessary that the officer reasonably suspected that the substance was crack cocaine. Considering what Schultheis saw and the circumstances under which he saw it, we agree with the magistrate that the officer had a reasonable, objective basis for suspecting that appellant possessed crack cocaine. *See Crain v. State*, 315 S.W.3d 43, 52 (Tex. Crim. App. 2010) (summarizing basis for investigative detention).

We conclude that appellant was lawfully detained on reasonable suspicion. Therefore, the subsequent seizure of the crack cocaine was lawful.

The judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   February 16, 2011

Do Not Publish

4