Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-11-00143-CR

Samuel D. **ADAMS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 4, Bexar County, Texas
Trial Court No. 326239
Honorable Sarah Garrahan-Moulder, Judge Presiding

Opinion by:  Sandee Bryan Marion, Justice

Sitting:  Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:  November 2, 2011

AFFIRMED

Appellant, Samuel D. Adams, pleaded "no contest" to the offense of driving while intoxicated and was assessed a $600 fine and received 180 days in county jail, suspended and probated for one year. Prior to his plea, appellant moved to suppress the results of a blood sample claiming consent to the sample was not voluntary. The trial court held a hearing on the motion to suppress and then denied the motion. Appellant appeals the trial court's order denying the motion to suppress. We affirm.

## BACKGROUND

On May 4, 2010, Officer Colt Arnold of the San Antonio Police Department arrested appellant for driving while intoxicated and driving without a license. Appellant was transported to the magistrate's office and was then read the statutory warnings from a DIC-24 form informing him of the consequences of refusing to provide a breath or a blood specimen. Officer Arnold then asked appellant for a voluntary breath sample. Appellant voluntarily supplied the breath sample, but the results from the Intoxilyzer came back invalid and the machine disallowed any further breath specimens. The machine print-out suggested a blood specimen be obtained instead. Officer Arnold testified that he proceeded to read a second, identical DIC-24 form to appellant warning him of the consequences of providing a blood test. Officer Arnold said appellant never indicated he wished to withdraw his consent to either test. A blood sample was then obtained from appellant.

## DISCUSSION

In his sole issue on appeal, appellant argues the trial court erred in denying his motion to suppress because the consent he provided for the drawing of his blood was not voluntarily given. Appellant claims that, although Officer Arnold had implied consent to the taking of both his breath and blood sample, he only gave actual consent to the breath sample. Appellant disputes that the officer read him the second set of DIC-24 form warnings before asking for the blood specimen, and, therefore, he was not properly informed of his right to refuse the blood test. Thus, appellant asserts he never gave actual consent to the drawing of his blood.

We review the trial court's denial of a motion to suppress under a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). First, we apply an abuse of discretion standard to the trial court's findings of fact. *State v. Dixon*, 206 S.W.3d 587,

590 (Tex. Crim. App. 2006). We afford almost total deference to the trial court's findings, especially those based on an evaluation of the witnesses' credibility and demeanor. *Valtierra*, 310 S.W.3d at 447. Second, we review *de novo* the trial court's application of the law to the facts, and we will affirm the ruling if it is "reasonably supported by the record and is correct on any theory of law applicable to the case." *Id.* at 447–48.

The Fourth Amendment of the United States Constitution and Article I, Section 9 of the Texas Constitution assure the right to be free from unreasonable searches. U.S. CONST. amend. IV; TEX. CONST. Art I, § 9. The withdrawal of a blood specimen from a person is considered a search and seizure under the Fourth Amendment. *Washburn v. State*, 235 S.W.3d 346, 349 (Tex. App.—Texarkana 2007, no pet.). Nonetheless, the Texas Transportation Code provides that a person who has been arrested for the offense of operating a motor vehicle while intoxicated and in a public place is deemed to have consented to the taking of one or more specimens of blood or breath to analyze the alcohol concentration amount or presence of a controlled substance. TEX. TRANSP. CODE ANN. § 724.011 (West 2011); *Washburn*, 235 S.W.3d at 349. However, the person retains the right, subject to automatic suspension of his license, to refuse to give a specimen. TEX. TRANSP. CODE § 724.013; *Washburn*, 235 S.W.3d at 349. When a person is under arrest, an officer is required to give the statutory warnings concerning the refusal of a breath or blood specimen. *Washburn*, 235 S.W.3d at 350.

In this case, the trial court made explicit findings of fact and conclusions of law, wherein the court found: appellant was arrested for driving while intoxicated; appellant consented to both the breath and blood specimens; appellant did not refuse either test; and appellant never withdrew his consent to the blood sample. Thus, the trial court found appellant's "consent to draw blood was intelligently and voluntarily given."

Here, the record supports the trial court's findings of fact and contains sufficient evidence that appellant's consent to the blood test was voluntary. Officer Arnold testified appellant was cooperative and it was clear to him appellant understood the warnings provided on the DIC-24 form. Officer Arnold testified that, even though he was not required to read the form twice before drawing a second type of specimen because the form covered both breath and blood samples, he decided to go "the extra step . . . and read a completely separate [DIC-24 form] to him" after the breath test failed. Officer David Pianfetti, present at the magistrate's office when Officer Arnold read the DIC-24 to appellant, testified that it is not customary to read the form twice because the form specifically includes both breath and blood specimens. Furthermore, Officer Arnold testified he read the second form within one minute of the Intoxilyzer's denial of the breath specimen and that appellant never indicated his intent to withdraw consent. Similarly, appellant's own testimony at the hearing indicates he intended to give consent to the blood sample. Appellant agreed during cross-examination by the State that he never told the officer he wanted his consent withdrawn.

After reviewing the record, we conclude appellant failed to demonstrate his consent to the blood test was not voluntary. Therefore, the trial court did not err in denying appellant's motion to suppress.

## CONCLUSION

We overrule appellant's issue on appeal and affirm the judgment of the trial court.


Sandee Bryan Marion, Justice


DO NOT PUBLISH