



## MEMORANDUM OPINION

No. 04-11-00656-CR

Luis Roman **TERRAZAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR4875
Honorable Sid L. Harle, Judge Presiding

Opinion by:   Sandee Bryan Marion, Justice

Sitting:   Karen Angelini, Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:   April 11, 2012

AFFIRMED

Appellant, Luis Roman Terrazas, was charged by indictment with possession of cocaine in an amount of one to four grams. Before trial, appellant moved to suppress the cocaine, arguing it was the product of an unlawful detention and arrest. The trial court carried the motion with the bench trial, but ultimately denied the motion after the State rested. At the conclusion of the trial, the court assessed punishment at three years' confinement, probated for a period of five years, and assessed a $1,250 fine. We affirm.

## BACKGROUND

On March 27, 2011, Officer Rafael Medel was riding in a patrol car driven by his partner, Officer Ron Land. At approximately 11 p.m., the two officers made a routine traffic stop of a vehicle for speeding and for failing to make a complete stop. Appellant was the passenger in the vehicle being driven by his friend, Luis Carlos Sifuentes. Officer Medel testified that he and Officer Land both approached the car—Officer Land went to the driver's side and Officer Medel went to the passenger's side. However, Officer Medel said that, instead of approaching the passenger window, he stood behind the column between the front and back windows of the car to avoid being seen by the occupants. Thus, Officer Medel claimed that he was out of sight, but could still observe what was occurring inside the car. Officer Medel testified Officer Land asked Sifuentes for his driver's license and insurance. Officer Land also asked for appellant's identification, which appellant provided.

Officer Medel then testified that after Officer Land walked back to the patrol car to check for warrants, Officer Medel observed appellant look back toward Officer Land and the patrol car. Officer Medel then explained he watched appellant as appellant leaned back in his seat and removed a cell phone and what appeared to be a plastic baggie containing a white residue from his right front pocket. Officer Medel testified that he then saw appellant put the baggie down on what the officer thought was the floorboard of the vehicle. The officer further stated that, based on his training and experience, he believed appellant was attempting to hide drugs. He testified that, instead of immediately removing appellant from the vehicle, he waited for Officer Land to finish running the warrant checks. Officer Land then informed Officer Medel that appellant had warrants. At that point, Officer Medel said he asked appellant to exit the vehicle. Officer Medel

testified he saw the phone and the plastic baggie containing the white substance in the bottom compartment of the right door panel after appellant stepped out of the vehicle.

Appellant was then handcuffed and placed in the patrol car. Another officer arrived at the scene and field tested the white substance in the baggie which tested positive for cocaine. Because his warrants could not be verified, appellant was arrested only for cocaine possession. Sifuentes was released without the issuance of any traffic citations.

## DISCUSSION

On appeal, appellant contends the trial court erred when it overruled his motion to suppress. Appellant claims his arrest was the result of evidence obtained during an improper investigative detention that was conducted without probable cause or reasonable suspicion. Thus, appellant argues he was unlawfully detained.

We review the trial court's denial of a motion to suppress under a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447–48 (Tex. Crim. App. 2010). First, we apply an abuse of discretion standard to the trial court's findings of fact. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). When the trial court does not issue findings of fact, as in this case, we imply findings that support the trial court's ruling if the evidence (viewed in the light most favorable to the ruling) supports those findings. *State v. Kelly*, 204 S.W.3d 808, 818–19 (Tex. Crim. App. 2006). We afford almost total deference to the trial court's implied findings, especially those based on an evaluation of the witnesses' credibility and demeanor. *Valtierra*, 310 S.W.3d at 447. Second, we review de novo the trial court's application of the law to the facts, and we will affirm the ruling if it is "reasonably supported by the record and is correct on any theory of law applicable to the case." *Id.* at 447–48.

Reasonable suspicion exists if an officer has specific and articulable facts that, when combined with rational inferences from the facts, would lead the officer to reasonably conclude that a particular person is, has, or soon will be engaged in criminal activity. *Mount v. State*, 217 S.W.3d 716, 727–28 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citing *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005)). This standard is objective and requires the court to disregard any subjective intent of the officer and look solely to whether an objective basis for the stop exists. *Id.* A determination of reasonable suspicion is made by considering the totality of the circumstances. *Id.*; *see also Martinez v. State*, 348 S.W.3d 919, 923 (Tex. Crim. App. 2011).

Appellant argues his arrest was illegal because the warrants that were displayed on the police computer were unverified and ultimately invalid.[1] Appellant contends Officer Medel arrested him solely because of the warrants and points to the officer's testimony in which he agrees with defense counsel that the warrants were "the sole basis for opening the door." Later, however, upon being questioned by the State, Officer Medel indicated he had enough "reasonable suspicion to pull the defendant out of the vehicle" based on his observation of appellant hiding the plastic bag containing the white substance. Officer Medel testified this observation alone would be enough to further investigate appellant's actions even without the return on the warrants. We agree.

Officer Medel had reasonable suspicion to further detain and investigate appellant based upon his experience and knowledge as a police officer as well as from the circumstances of appellant's behavior. *See State v. Sheppard*, 271 S.W.3d 281, 287 (Tex. Crim. App. 2008) ("The United States Supreme Court has long held that an officer has the right to briefly detain and investigate a person when the officer has a reasonable suspicion that the person is involved in criminal activity."); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005) ("An officer

---

[1] Appellant does not challenge the basis for the initial stop.

conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law."). Officer Medel testified at trial that he believed the substance was a narcotic and that appellant was attempting to hide it by moving the bag to the floorboard area. Further, Officer Medel explained that he has experience in his profession with people possessing and hiding narcotics and that his observations gave him reasonable suspicion to remove appellant from the vehicle to conduct a further investigation. Thus, Officer Medel had specific and articulable facts that, when combined with rational inferences, allowed him to temporarily detain and investigate appellant.[2] *See Martinez*, 348 S.W.3d at 923. Accordingly, we conclude the trial court did not err in denying appellant's motion to suppress.

## CONCLUSION

We overrule appellant's issue on appeal and affirm the judgment of the trial court.

Sandee Bryan Marion, Justice

Do not publish

---

[2] As a result, we do not address whether appellant's arrest based on the unverified warrants was improper.