**Opinion filed August 16, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00367-CR

_____

## ANDREW TIMOTHY MARTINEZ, Appellant
## V.
## STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**

**Haskell County, Texas**

**Trial Court Cause No. 6135**

## M E M O R A N D U M   O P I N I O N

Andrew Timothy Martinez pleaded guilty to the offense of felony driving while intoxicated. Pursuant to a plea bargain agreement, the trial court sentenced him to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of thirty years. In three issues, appellant challenges the trial court's ruling on his motion to suppress. We affirm.

### Background Facts

The trial court entered written findings of fact and conclusions of law after denying appellant's motion to suppress. They read as follows:

1. On or about April 10, 2006, Tom Bassett, Chief of Police of Haskell, Texas, was on patrol in the City of Haskell.

2. At approximately 7:00 a.m., Officer Bassett was flagged down by Michelle Santillan.

3. Officer Bassett had known Michelle Santillan for a number of years. Officer Bassett had been provided information from Santillan in the past that proved to be reliable. Officer Bassett was aware that Santillan had connections to law enforcement in that she worked part time for a law enforcement agency.

4. Michelle Santillan informed Officer Bassett that Andrew Martinez had come to her house that morning; that Andrew Martinez was in town for a court hearing; that Andrew Martinez had been argumentative at her house; and that Andrew Martinez was intoxicated. Santillan informed Bassett that Martinez was driving a light blue 4-door Jeep Cherokee.

5. Officer Bassett waited in the vicinity of Santillan's home to see if Martinez returned. Officer Bassett was concerned about a possible domestic disturbance at Santillan's house if Martinez returned.

6. While waiting near Santillan's house, a vehicle matching the description given to him by Santillan drove up and stopped at Santillan's house.

7. After the vehicle stopped, Bassett pulled alongside the vehicle, stopped and activated his emergency lights.

8. Officer Bassett identified the individual driving the vehicle as Andrew Timothy Martinez.

9. Officer Bassett smelled alcoholic beverage upon the person of Andrew Martinez, and observed Martinez to have bloodshot eyes.

10. Officer Bassett conducted an investigation, concluded Martinez was intoxicated and arrested Martinez for Driving While Intoxicated.

## CONCLUSIONS OF LAW

1. Since Martinez stopped voluntarily at Santillan's residence, Officer Bassett did not initiate a traffic stop. By stopping in front of a residence on a public street, Officer Bassett could lawfully approach Martinez; thus, the contact between Bassett and Martinez constituted a voluntary encounter, that does not implicate the 4th Amendment of the U.S. Constitution or any provisions of the Constitution of the State of Texas.

2. Even if Officer Bassett initiated a stop and detained Martinez; Officer Bassett had reasonable suspicion to believe Martinez was driving while intoxicated, because he had been given information from a source he has

known for many years, that he believed to be credible, and that had provided him reliable information in the past.

3. Furthermore, Officer Bassett had received information that Martinez had been arguing at Santillan's residence. Martinez returned to that residence. Officer Bassett would have been justified in a detention of Martinez for community caretaking.

Appellant separately challenges the trial court's conclusions of law in three issues.

*Standard of Review*

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Lujan v. State*, 331 S.W.3d 768, 771 (Tex. Crim. App. 2011); *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). In reviewing a motion to suppress, we apply a bifurcated standard of review. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). First, we afford almost total deference to the trial court's determination of historical facts. *Valtierra*, 310 S.W.3d at 447. The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Id.*; *Garza v. State*, 213 S.W.3d 338, 346 (Tex. Crim. App. 2007). Second, we review de novo the trial court's application of law to facts. *Hubert*, 312 S.W.3d at 559; *Valtierra*, 310 S.W.3d at 447. We also review a trial court's legal rulings de novo. *State v. Iduarte*, 268 S.W.3d 544, 548–49 (Tex. Crim. App. 2008).

Where, as here, the trial judge makes express findings of fact, we must first determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those findings. *Valtierra*, 310 S.W.3d at 447; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We will sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Valtierra*, 310 S.W.3d at 447–48; *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

*Consensual Encounter vs. Investigatory Detention*

In his first issue, appellant asserts that the interaction between Officer Thomas Paul Bassett Jr. and appellant constituted a detention rather than a consensual encounter. The State argues that Officer Bassett initiated a consensual encounter, which then gave rise to reasonable suspicion to support an investigatory detention.

There are three different types of interactions between citizens and law enforcement officers: (1) consensual encounters; (2) investigatory detentions; and (3) arrests. *State v. Woodard*, 341 S.W.3d 404, 410–11 (Tex. Crim. App. 2011) (citing *Florida v. Bostick*, 501 U.S. 429, 434 (1991); *Terry v. Ohio*, 392 U.S. 1, 30–31 (1968); and *Gerstein v. Pugh*, 420 U.S. 103, 111–12 (1975)). Consensual encounters do not implicate Fourth Amendment protections. *Id.* at 411. Police officers are free to stop and request information from a citizen with no justification. *Id.* A citizen may terminate such a consensual encounter at will. *Id.* A citizen's acquiescence to an officer's request does not transform a consensual encounter into a detention or seizure, even if the officer does not communicate to the citizen that the request for information may be ignored. *Id.*

We consider the totality of the circumstances in determining whether a reasonable person in the defendant's shoes would have felt free to ignore the request or terminate the interaction. *Id.* There is no bright-line test. *Id.*; *State v. Garcia-Cantu*, 253 S.W.3d 236, 243 (Tex. Crim. App. 2008). We consider the surrounding circumstances, including the time and place. *Woodard*, 341 S.W.3d at 410–11. The officer's conduct is the most important factor in deciding whether an encounter between a citizen and the police was consensual or a Fourth Amendment seizure. *Id.* If a police officer through force or a showing of authority restrains a citizen's liberty, the encounter is not consensual and has become either a detention or an arrest, requiring either reasonable suspicion or probable cause, respectively. *Id.*

As was the case in *Woodard*, we focus our analysis on the initial interaction between appellant and Officer Bassett to determine if it constituted a consensual encounter. The events that transpired afterwards are not relevant to our inquiry because Officer Bassett testified that he smelled alcohol coming from the car and appellant after talking to him for "a short time." As noted previously, appellant had already stopped his car when Officer Bassett parked beside him. Thus, Officer Bassett's activation of his emergency lights did not cause appellant to stop his vehicle. The stop occurred in daylight at approximately 7:00 a.m. Officer Bassett testified that his patrol vehicle did not block appellant's vehicle. In addition to the testimony presented at the suppression hearing, an in-car video of the initial contact between appellant and Officer Bassett was introduced into evidence; it corroborates the officer's testimony.[1] The in-car video further

---

[1]Officer Bassett testified that the in-car video began recording when he activated his overhead lights and that that was one of the reasons why he activated the overhead lights.

reveals that Officer Bassett spoke to appellant in a calm, noncoercive tone in requesting to see his driver's license and insurance information.

Based upon the totality of the circumstances and the conduct of Officer Bassett, we conclude that the trial court did not abuse its discretion in determining that the initial interaction constituted a consensual encounter. Examples of circumstances that might indicate a detention has occurred would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, the blocking of appellant's vehicle with a police vehicle, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled. *Crain v. State*, 315 S.W.3d 43, 49–50 (Tex. Crim. App. 2010); *Garcia-Cantu*, 253 S.W.3d at 249. None of these facts occurred in this case. Appellant's first issue is overruled. We need not consider appellant's remaining issues because our resolution of the first issue is dispositive of this appeal. Simply put, no justification is required for an officer to request information from a citizen in a consensual encounter. *Woodard*, 341 S.W.3d at 411.

Alternatively, we conclude that the information given by Santillan to Officer Bassett provided him with reasonable suspicion to support an investigatory detention. As recently noted by the Texas Court of Criminal Appeals in *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011):

> Under the Fourth Amendment, a warrantless detention of the person that amounts to less than a full-blown custodial arrest must be justified by a reasonable suspicion. A police officer has reasonable suspicion to detain if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity. This standard is an objective one that disregards the actual subjective intent of the arresting officer and looks, instead, to whether there was an objectively justifiable basis for the detention. It also looks to the totality of the circumstances; those circumstances may all seem innocent enough in isolation, but if they combine to reasonably suggest the imminence of criminal conduct, an investigative detention is justified. "[T]he relevant inquiry is not whether particular conduct is innocent or criminal, but the degree of suspicion that attaches to particular noncriminal acts" (alteration in original, footnotes omitted).

The court held in *Derichsweiler* that information provided to police from a citizen-informant who identifies himself and may be held to account for the accuracy and veracity of his report may be regarded as reliable. 348 S.W.3d at 914–15. In such a scenario, the only question is

whether the information that the known citizen-informant provides, viewed through the prism of the detaining officer's particular level of knowledge and experience, objectively supports a reasonable suspicion to believe that criminal activity is afoot. *Id.* Santillan, a person who had provided reliable information in the past, reported that appellant was intoxicated and that he had been argumentative at her house. She also provided Officer Bassett with a description of the vehicle that appellant was driving. This information constituted sufficient information to support an investigative detention.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE

August 16, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.