

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-11-00214-CR

RODNEY ABLES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2010-428,047, Honorable Bradley S. Underwood, Presiding

May 21, 2013

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Rodney Ables appeals from the trial court's denial of his motion to suppress. He presents two issues. We will affirm.

Background

At mid-morning on a day in late April 2010, two Lubbock police officers, Weems and Skrabanek, served an arrest warrant on appellant at the Carriage House motel. The officers had received information from a police detective that appellant had been staying in a room there for some two weeks. After the officers knocked on the door to

the room, appellant eventually answered the door and stepped outside. He identified himself and was handcuffed and arrested.

Weems saw other people inside the motel room and smelled a "very strong" odor of ether. He directed the three people inside the room to come outside, handcuffed them and placed them on their knees in the hallway. Weems then entered the room in what he testified was a protective sweep to determine if anyone else was inside. He saw evidence of a methamphetamine lab inside the room, and contacted the Narcotics Task Force. The task force obtained a search warrant and executed it later that morning.

Appellant was indicted for the offense of manufacturing or delivering methamphetamine in an amount between 4 and 200 grams.[1] He filed a motion to suppress, which was denied after a hearing. Appellant plead guilty pursuant to a plea agreement, but subsequently filed a motion for new trial, which the trial court granted. Appellant later again plead guilty to the indicted charge pursuant to a plea agreement and was sentenced to ten years of imprisonment. The enhancement paragraph in the indictment was waived. Appellant now appeals the trial court's denial of his motion to suppress.

Analysis

Appellant's motion sought suppression of "[t]he evidence that was found inside of the motel room on the day that [he] was arrested on an arrest warrant for a different charge."

---

[1] Tex. Health & Safety Code Ann. § 481.112(d) (West 2012).

We review a denial of a motion to suppress for an abuse of discretion. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex.Crim.App. 2008) (*citing State v. Dixon*, 206 S.W.3d 587, 590 (Tex.Crim.App. 2006)). In so doing, we give "almost total deference to a trial court's express or implied determination of historical facts [while] review[ing] *de novo* the court's application of the law of search and seizure to those facts." *Id.*; *see Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997) (holding that we defer to trial court's application of law to fact questions if questions turn on evaluation of credibility and demeanor). We view the evidence in the light most favorable to the trial court's ruling. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex.Crim.App. 2007) (*quoting State v. Kelly*, 204 S.W.3d 808, 818 (Tex.Crim.App. 2006)). The trial court is the "sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony." *St. George v. State*, 237 S.W.3d 720, 725 (Tex.Crim.App. 2007). The trial court may choose to believe or disbelieve any part or all of a witness's testimony. *Green v. State*, 934 S.W.2d 92, 98 (Tex.Crim.App. 1996). We sustain the trial court's ruling if it is reasonably supported by the record and correct on any theory of law applicable to the case. *Laney v. State*, 117 S.W.3d 854, 857 (Tex.Crim.App. 2003).

The Fourth Amendment to the United States Constitution bars unreasonable searches and seizures. *Reasor v. State*, 12 S.W.3d 813, 816 (Tex.Crim.App. 2000). To determine whether a search is reasonable, the trial court weighs the individual's Fourth Amendment privacy interest against the promotion of legitimate governmental interests. Under this balancing test, a warrantless search of a house is generally not reasonable, but may nevertheless be permitted when a strong public interest exists for the search. *Id.* One exception to the need for a warrant is a protective sweep by police officers to

prevent physical harm. *Maryland v. Buie*, 494 U.S. 325, 328, 335, 110 S. Ct. 1093, 108 L. Ed. 2d 276 (1990).

A "protective sweep" is a "quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others." *Reasor,* 12 S.W.3d at 815 (*quoting Buie*, 494 U.S. at 328). "The Fourth Amendment permits a properly limited protective sweep in conjunction with an in-home arrest when the searching officer possesses a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Id.* at 816 (*citing Buie*, 494 U.S. at 337). A motel room occupant has the same constitutional protections against unreasonable searches and seizures with respect to the motel room as an occupant of a home.[2] *Stoner v. California*, 376 U.S. 483, 490, 84 S. Ct. 889, 11 L. Ed. 2d 856 (1964); *Moberg v. State*, 810 S.W.2d 190, 194 (Tex.Crim.App. 1991).

In a protective sweep, officers are permitted to search any space where a person may be found. *Reasor,* 12 S.W.3d at 816. It may last only long enough to "dispel the reasonable suspicion of danger." *Id.* (*quoting Buie*, 494 U.S. at 336). "Furthermore, the protective sweep is not an automatic right the police possess when making an in-home arrest." *Id.* "It is permitted only when justified by a reasonable, 'articulable suspicion that the house is harboring a person posing a danger to those on the arrest scene.'" *Id.* (*quoting Buie*, 494 U.S. at 337). In other words, "[w]hen conducting an in-home arrest, a police officer may sweep the house only if he possesses an objectively reasonable

---

[2] The State agrees with appellant's contention he has standing to challenge the officer's warrantless entry into the room.

4

belief, based on specific and articulable facts, that a person in that area poses a danger to that police officer or to other people in that area." *Reasor,* 12 S.W.3d at 817.

Protective sweeps are not limited to cases where the defendant is arrested inside a residence. *See Arceo v. State,* No. 14-98-00854-CR, 2000 Tex.App. LEXIS 6525, at *8-9 (Tex.App.—Houston [14th Dist.] Sept. 28, 2000, pet. ref'd) (mem. op., not designated for publication) (citing cases).

The trial court here heard Weems testify to the circumstances leading him to believe a protective sweep of the motel room was necessary. When the officers approached the door to the room, they "could hear people inside." The occupants were slow to respond to the officers' knock on the door. Appellant went to the room's back door and there encountered Officer Skrabanek. When appellant opened the front door and stepped outside, he pulled the door partially closed behind him. When Weems, who had seen two other men through the partially-open door, asked appellant about others in the room, appellant told him no one else was in the room. When the two men came out of the room, they also lied to the officers about the presence of the third person, a female, in the room. Weems could not see if anyone else was in the room. He also testified his experience and training told him the very strong odor of ether coming from the motel room indicated methamphetamine manufacturing.

Weems told the court he was in the room for less than a minute and "didn't want to enter the apartment of the room because I know how dangerous those chemicals are, but when they're telling me nobody is in there and I see more people, for my safety and everybody's else's safety, I went in and did a protective sweep of the room." He later

5

made a similar statement, noting "when someone's—when people are telling me there's not and I can see other people in there, then they're already lying to me. So at that point, I have no reason to believe anything that they're saying. So I have to go in and make a protective sweep for my safety and everybody else's safety." He said he searched only those places where a person would be able to hide.

Weems testified to specific and articulable facts permitting the trial court to find the officer had an objectively reasonable belief that a person in the room posed a danger to him or other persons in the close quarters of the hallway outside its door, justifying his entry into the room for a brief search for any other persons present. *See Ramirez v. State*, 105 S.W.3d 730, 743 (Tex.App.—Austin 2003, no pet.) (holding officer was permitted to sweep the room in order to establish that no individuals were present). We find the trial court did not abuse its discretion by denying appellant's motion to suppress, and resolve his issues against him.[3]

The judgment of the trial court is affirmed.

James T. Campbell
Justice

Do not publish.

---

[3] As noted, police obtained a search warrant for the motel room. In this opinion, we address only the issue presented by the parties, that involving the propriety of the arresting officer's brief search of the room, and do not consider any effect the search warrant might have had on the admissibility of evidence seized from the room.