# NO. 12-16-00019-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS,*<br>*APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *SCOTT MCNEELY,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The State charged Scott Allen McNeely with possession of a controlled substance with intent to deliver and unlawful possession of a firearm by a felon. Appellee filed a motion to suppress, which the trial court granted. In one issue, the State challenges the trial court's suppression ruling. We reverse and remand.

## BACKGROUND

At the suppression hearing, Chief Deputy Stephen Godfrey of the Nacogdoches Sheriff's Department testified that he went to Appellee's home to serve an arrest warrant for the sale of methamphetamine. He explained that officers intended to investigate both the narcotics allegation and an allegation that Appellee was in possession of a firearm. Godfrey testified that he received the information from credible confidential informants. When Appellee's mother opened the door, Godfrey saw a firearm in plain view in one corner of the room. Because Appellee was not at home, his mother contacted him by telephone. Godfrey testified that when Appellee arrived, he was not arrested, but was in custody and not free to leave. Appellee was not admonished of his rights.

Godfrey told Appellee that he saw the firearm and had received information that he might be in possession of methamphetamine. Appellee told Godfrey that the firearm belonged to his nephew, but he admitted that he alone occupied the room in which the firearm was located.

Appellee also admitted possessing "about a quarter of an ounce" of methamphetamine, and he told Godfrey that he was "not making a ton of money here." Godfrey testified that Appellee's statements were not made in response to questioning. Appellee was arrested, and another officer went to obtain a search warrant.

The probable cause affidavit attached to the search warrant states, in pertinent part, that (1) there is a residence in Nacogdoches County in which narcotics, weapons, and other items are being stored and kept; (2) it is believed that a suspected criminal offense had been committed, i.e., possession of a controlled substance and unlawful possession of a firearm by a felon; (3) officers received information from several subjects that Appellee was selling methamphetamine from his residence; (4) officers had an outstanding warrant for Appellee for delivery of a controlled substance; (5) officers obtained the arrest warrant after using a confidential informant to purchase methamphetamine from Appellee; (6) when officers asked Appellee if the house contained anything illegal, he said there was a rifle in the house; (7) Appellee is a convicted felon, is prohibited from possessing a firearm, and was previously convicted of unlawful possession of a firearm by a felon; and (8) when officers asked if the residence contained narcotics, Appellee said there was approximately one-fourth of an ounce of methamphetamine in the house. When the officer returned with the warrant, Godfrey searched the house without reading the warrant. He admitted that the probable cause affidavit did not mention that he saw the firearm and did not contain information regarding the credibility of the confidential informants. During the search, officers seized a firearm, ammunition, approximately twenty-three grams of methamphetamine, a cellular telephone, digital scales, and $1,039 in currency.

At the conclusion of the hearing, the trial court noted that its review was limited to the four corners of the affidavit. The trial court explained that the affidavit failed to describe Appellee's statements as res gestae and failed to mention the use of credible and reliable confidential informants. The trial court suppressed the seized evidence and Appellee's statements.

## MOTION TO SUPPRESS

In its sole issue, the State contends that (1) the suppression of physical evidence was not required even if Appellee's statements were inadmissible, and (2) Chief Godfrey acted in objective good faith reliance on a search warrant issued by a neutral magistrate.

**Standard of Review and Applicable Law**

We review a trial court's suppression ruling for an abuse of discretion under a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010); *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). First, we afford almost total deference to a trial court's determination of historical facts. *Valtierra*, 310 S.W.3d at 447. The trial court is the sole trier of fact and judge of the witnesses' credibility and the weight to be given their testimony. *Id*. The trial court may believe or disbelieve all or part of a witness's testimony. *Id*. Second, we apply a de novo review to the trial court's application of law to the facts. *Id*. We will sustain the trial court's ruling if it is reasonably supported by the record and correct on any legal theory. *Id*. at 447-48.

"[A] trial court's determination whether probable cause exists to support a search warrant's issuance is constrained solely to the affidavit's four corners." *Bonds v. State*, 403 S.W.3d 867, 873 (Tex. Crim. App. 2013). We apply a highly deferential standard when reviewing a magistrate's decision to issue a warrant. *Id*. The magistrate's probable cause determination will be upheld as long as the magistrate had a substantial basis for concluding that probable cause existed. *Id*. "The magistrate may interpret the affidavit in a non-technical, common-sense manner and may draw reasonable inferences solely from the facts and circumstances contained within the affidavit's four corners." *Id*. We will not invalidate a warrant by interpreting the affidavit in a hypertechnical, rather than a common-sense, manner. *Id*. When in doubt, we defer to all reasonable inferences that the magistrate could have made. *Id*.

**Analysis**

Looking at the four corners of the affidavit, the magistrate had before it an affidavit that explained officers' beliefs that the criminal offenses of possession of a controlled substance and unlawful possession of a firearm by a felon had occurred inside Appellee's house. The affidavit states that some information regarding these allegations was gleaned from a confidential informant and "several subjects." The affidavit does not address the credibility or reliability of these individuals. When a search warrant is sought based on information from a confidential informant, the probable cause affidavit must contain the information that led the affiant to believe the informant was credible and reliable. *See Hennessy v. State*, 660 S.W.2d 87, 89 (Tex. Crim. App. 1983). Thus, the affidavit does not contain sufficient information from which the magistrate could determine that the informants were credible and reliable.

3

Aside from information provided by informants, the affidavit also apprised the magistrate of Appellee's admissions that there was a rifle and approximately one-fourth of an ounce of methamphetamine inside the house. As the trial court noted, the affidavit describes these statements as responses to questioning instead of res gestae statements. However, even when statements are made during a custodial interrogation and without the requisite warnings, absent coercion, evidence obtained as a result of those statements need not be suppressed. *See Baker v. State*, 956 S.W.2d 19, 22-23 (Tex. Crim. App. 1997); *see also Akins v. State*, 202 S.W.3d 879, 891 (Tex. App.—Fort Worth 2006, pet. ref'd) (holding that although an unwarned statement must be suppressed, "other evidence subsequently obtained as a result of that statement (i.e., the "fruits" of the statement) need not be suppressed"). The record does not contain allegations of coercion or evidence demonstrating coercion. Thus, Appellee's statements demonstrate a "fair probability" that contraband or evidence of a crime would be found at his residence, and the physical evidence obtained as a result of those statements was not subject to suppression. *See Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007) (defining "probable cause"); *see also Baker*, 956 S.W.2d at 22-23; *Akins*, 202 S.W.3d at 891.

Accordingly, based on the four corners of the affidavit, the magistrate had a substantial basis for concluding that probable cause existed. *See Bonds*, 403 S.W.3d at 873. The trial court abused its discretion by granting Appellee's motion to suppress the physical evidence obtained as a result of the search.[1] *See Valtierra*, 310 S.W.3d at 447. We sustain the State's sole issue.

## DISPOSITION

Having sustained the State's sole issue, we *reverse* the trial court's order granting Appellee's motion to suppress and *remand* the cause to the trial court for further proceedings consistent with this opinion.

JAMES T. WORTHEN
Chief Justice

Opinion delivered September 30, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] Because we so hold, we need not address the State's contention that officers acted in objective good faith reliance upon a warrant issued by a neutral magistrate. *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 30, 2016**

**NO. 12-16-00019-CR**

**THE STATE OF TEXAS,**
Appellant
V.
**SCOTT MCNEELY,**
Appellee

Appeal from the 145th District Court
of Nacogdoches County, Texas (Tr.Ct.No. F1521715)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the order of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the trial court's order granting Appellee's motion to suppress be **reversed** and the cause **remanded** to the trial court **for further proceedings**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*