

NUMBER 13-18-00250-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARK PLOEGER,                                            **Appellant,**

**v.**

THE STATE OF TEXAS,                                        **Appellee.**

## On appeal from the 2nd 25th District Court
## of Gonzales County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria**

Appellant Mark Ploeger was indicted for possession of a controlled substance (methamphetamine) in a correctional facility, a third-degree felony. *See* TEX. PENAL CODE § 38.11(d)(1) (West, Westlaw through 2017 1st C.S.). By one issue on appeal, Ploeger argues that the trial court erred in denying his motion to suppress. We affirm.

## I. BACKGROUND

On February 7, 2017, Officer Thomas Garza of the Gonzales Police Department was patrolling a county road. Officer Garza testified at trial, based on his personal experience, that this road was well-known as an illegal dumping site; Garza claimed that he noticed new trash dumped there almost every night. He also averred that the police department had received numerous calls reporting people dumping trash on this road. According to Garza's testimony, at 12:36 a.m., he observed a black SUV driving slowly down the road and braking frequently. Based on his training and personal experience, Officer Garza claimed that he believed that the vehicle's occupants were either looking for a place to dump something or "discarding something and then traveling up a bit and discarding another piece [of trash]." Officer Garza did not actually see anything dumped from the SUV; Officer Garza also admitted that the SUV did not commit any traffic violations. But, after watching the black SUV stop and go repeatedly for five minutes, Officer Garza pulled the vehicle over to investigate; Sargent James Holt arrived at the scene to assist. Ploeger, the driver, informed Officer Garza that Robbie Copeland, the passenger, was the owner of the vehicle. Sargent Holt asked Copeland if there were any open containers of alcohol in the vehicle, and she responded in the affirmative. Officer Garza conducted a search of the vehicle and found narcotics. Ploeger and Copeland were both arrested and transported to jail. As Ploeger was processed at the jail, more narcotics were discovered on his person.

On March 7, 2017, Ploeger was charged with possession of a prohibited substance in a correctional facility. *See id.* On May 1, 2017, he filed a motion to suppress, arguing

that Officer Garza lacked reasonable suspicion to initially pull him over. The trial court denied his motion and made the following findings of fact and conclusions of law:

1) On February 7, 2017, Officer Garza witnessed the defendant operating a motor vehicle late at night, pulled over on the side of the road, stopping and starting, lurching forward in a bizarre fashion, in an area known for illegal dumping.

2) Based on the totality of the circumstances, the officer had reasonable suspicion to stop the vehicle.

3) Within 8 minutes, a second officer, Sgt. Holt, arrived on the scene where contact with the passenger was made. When asked if there were open containers in the vehicle, the passenger admitted to having an open container in the vehicle and handed the open container to Sgt. Holt. The passenger also admitted to having used narcotics with the Defendant earlier.

4) The officers had probable cause to search the vehicle for open containers, which led to discovery of other contraband.

5) The contraband was found in various areas of the passenger compartment of the vehicle within reach or control of both the driver and the passenger of the vehicle.

6) After the discovery of the contraband, the officer had probable cause to arrest both subjects.

On March 7, 2018, Ploeger filed a motion for reconsideration, which the trial court denied. Ploeger subsequently entered into a plea agreement and pleaded guilty. The trial court sentenced Ploeger to four years of deferred adjudication community supervision and ordered Ploeger to pay a $750 fine. This appeal followed.

## II. MOTION TO SUPPRESS

As his sole issue, Ploeger argues that the trial court erred in denying his motion to suppress. More specifically, Ploeger asserts Officer Garza lacked reasonable suspicion to initially pull him over.

**A. Standard of Review**

3

In reviewing a trial court's ruling on a motion to suppress, we employ a bifurcated standard, giving almost total deference to a trial court's determination of historic facts and mixed questions of law and fact that rely upon the credibility of a witness, but applying a de novo standard of review to pure questions of law and mixed questions that do not depend on credibility determinations. *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). The record is reviewed in the light most favorable to the trial court's determination, and the judgment will be reversed only if it is arbitrary, unreasonable, or "outside the zone of reasonable disagreement." *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

**B. Applicable Law**

> Ordinarily, a police officer may not conduct a seizure and search of a suspect without probable cause that a crime has been committed. An exception to the requirement of probable cause allows the police to make a *Terry* stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks probable cause. Reasonable suspicion is a less demanding standard than probable cause, but the officer still must be able to articulate something better than an inchoate suspicion or hunch.

*In re A.T.H.*, 106 S.W.3d 338, 343 (Tex. App.—Austin 2003, no pet.) (internal citations and quotations omitted); *see Terry v. Ohio*, 392 U.S. 1, 19 (1968); *Derichsweiler v. State*, 348 S.W.3d 906, 916 (Tex. Crim. App. 2011) (observing that the reasonable suspicion standard is much lower than the probable cause standard because a "brief investigatory detention constitutes a significantly lesser intrusion upon the privacy and integrity of the person" compared to an arrest); *Foster v. State*, 326 S.W.3d 609, 613 (Tex. Crim. App. 2010) (observing that reasonable suspicion "requires only some minimal level of objective justification"); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005) (noting that a

police officer may temporarily detain an individual when the officer has reasonable suspicion to believe that an individual "actually is, has been, or soon will be engaged in criminal activity").

To determine if a temporary detention was supported by reasonable suspicion, courts look at the totality of the circumstances. *See Foster*, 326 S.W.3d at 613. Relevant factors in evaluating the totality of the circumstances include time of day, location of the stop, the officer's observations, and the officer's training and expertise. *See id.* (concluding that the officer had reasonable suspicion to pull over defendant at 1:30 a.m. in a location where many other individuals had been pulled over for drinking while driving); *Ford*, 158 S.W.3d at 493 (concluding that law enforcement training and experience are factors in the reasonable suspicion analysis).

## C. Discussion

Ploeger acknowledges that time of day is a relevant factor in determining whether an officer possessed reasonable suspicion. *See Foster*, 326 S.W.3d at 613. He also concedes that if an area is known to be a high-crime area, it is also relevant to the reasonable suspicion inquiry. *See id.* Nevertheless, Ploeger argues that these factors by themselves do not establish reasonable suspicion. Ploeger argues that his unusual, yet legal, driving was also insufficient to establish reasonable suspicion. We disagree.

In the present case, Officer Garza pointed to specific and articulable facts that led him to form a reasonable suspicion that criminal activity was afoot. Officer Garza testified that he saw Ploeger driving at 12:36 a.m. on a county road that was known to be an area where people frequently dumped trash illegally. *See* TEX. HEALTH & SAFETY CODE ANN. § 365.012 (West, Westlaw through 2017 1st C.S.). Officer Garza also testified that

5

Ploeger was driving unusually by repeatedly stopping and going for five minutes. Viewing the totality of the circumstances together, including the time of night, Officer Garza's training and expertise, and Ploeger's unusual driving pattern, we conclude that Officer Garza had reasonable suspicion to temporarily detain Ploeger. *See Foster*, 326 S.W.3d at 613*.* Accordingly, the trial court did not err by denying Ploeger's motion to suppress. *See Dixon*, 206 S.W.3d at 590. We overrule Ploeger's sole issue.

## III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of May, 2019.