# Court of Appeals
## Tenth Appellate District of Texas

10-24-00044-CR

Thomas Rodgers,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
87th District Court of Freestone County, Texas
Judge Amy Thomas Ward, presiding
Trial Court Cause No. 23-091CR

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Thomas Rodgers appeals his conviction for possession of a controlled substance. Rodgers pleaded guilty, and the trial court sentenced him to two years of confinement in the Texas Department of Criminal Justice — State Jail Division, probated for five years. In his sole issue, Rodgers contends the trial court erred in denying his motion to suppress. We affirm.

## BACKGROUND

In February 2023, officers with the Freestone County Sheriff's office attempted to serve an arrest warrant on Jonathan Davis. He was not at the address where they believed him to be residing. A resident at that home told the officers that Davis was staying at a nearby LaQuinta Inn where he worked as a maintenance man.

When they arrived at the hotel, the officers spoke to a clerk at the front desk, inquiring as to Davis's location. Sergeant Mike Darby testified that they asked for Jonathan Davis, the maintenance man. Deputy Robert Willis testified that they may have just asked for the maintenance man, rather than asking for Jonathan Davis by name, but they believed Davis was the maintenance man. Sergeant Darby's body camera footage showed the officers' interaction with the clerk, but audio did not pick up what they asked the clerk. However, the clerk responded by directing them to room 101.

When the officers knocked on the door of room 101, Rodgers opened the door. Room 101 was comprised of a living room, a separate bedroom, a bathroom, and a kitchen area. It was not possible to see the entire space from the doorway. The officers detained Rodgers while looking around the room for Davis. Deputy Willis testified that they knocked on the door, Rodgers opened

it, they stepped in to identify him, and the deputy saw methamphetamine in plain view on a nearby table.

Rodgers was a maintenance man at the hotel. He explained that Davis was there "doing little odd jobs that [he] didn't have the knowledge to do." Rodgers eventually told the officers that Davis was in a different room in the hotel. The officers arrested Rodgers for possession of a controlled substance.

Rodgers filed a motion to suppress statements and evidence resulting from what he termed an illegal arrest, made without a search or arrest warrant. After a hearing, the trial court denied the motion. Thereafter, Rodgers pleaded guilty. The trial court, pursuant to a plea bargain, sentenced him to two years of confinement in a State Jail facility, probated for five years, and a fine of $1,500.

## MOTION TO SUPPRESS

In his sole issue, Rodgers contends the entry into his hotel room, supported only by an arrest warrant for a third party, was unlawful. He argues that law enforcement cannot rely on a reasonable but mistaken belief that Davis was in the searched room. Alternatively, he asserts that law enforcement's entry into his room was not reasonable because they did not take steps to reasonably ensure not to enter the wrong room. In making this argument, he contends that "reasonable belief" is synonymous with "probable

cause." Therefore he argues, the trial court erred in denying his motion to suppress the evidence obtained during his arrest.

**Standard of Review**

We review a trial court's ruling on a motion to suppress for an abuse of discretion under a bifurcated standard of review. *State v. Torres*, 666 S.W.3d 735, 740 (Tex. Crim. App. 2023). We afford almost total deference to the trial court's express or implied determination of historical facts and the trial court's rulings on mixed questions of law and fact, especially when those determinations are based on an assessment of credibility and demeanor. *Id*; *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). We review pure questions of law, as well as mixed questions of law and fact that do not turn on an assessment of credibility and demeanor, on a de novo basis. *Torres*, 666 S.W.3d at 740-41. Thus, we review de novo the trial court's application of the law of seizure to the facts. *Dixon*, 206 S.W.3d at 590.

The trial court is the sole factfinder at a suppression hearing, and it may believe or disbelieve all or any part of a witness's testimony. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). The trial court may make reasonable inferences from the evidence presented. *Id*. We view the record in the light most favorable to the trial court's conclusion and reverse only if the trial court's decision is arbitrary, unreasonable, or outside the zone of

reasonable disagreement.  *State v. Heath*, 696 S.W.3d 677, 689 (Tex. Crim. App. 2024); *Dixon*, 206 S.W.3d at 590.  We will sustain the trial court's ruling if it is supported by the record and is correct on any theory of law applicable to the case.  *Dixon*, 206 S.W.3d at 590.  When the trial court does not make explicit findings of fact, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supported by the record.  *See Lerma v. State*, 543 S.W.3d 184, 190 (Tex. Crim. App. 2018).

**Applicable Law**

The Fourth Amendment to the United States Constitution forbids unreasonable searches and seizures.  U.S. CONST. amend. IV.  Warrantless searches are per se unreasonable unless they fall under one of a few exceptions, including seizing contraband in plain view.  *State v. Betts*, 397 S.W.3d 198, 206 (Tex. Crim. App. 2013).  "A seizure of an object is lawful under the plain view exception if three requirements are met.  First, law enforcement officials must lawfully be where the object can be 'plainly viewed.'  Second, the 'incriminating character' of the object in plain view must be 'immediately apparent' to the officials.  And third, the officials must have the right to access the object."  *Keehn v. State*, 279 S.W.3d 330, 334 (Tex. Crim. App. 2009).

**Discussion**

For Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it limited authority of officers to enter a dwelling if they have reason to believe that the residence is the suspect's dwelling, and the suspect is in that dwelling. *Payton v. New York*, 445 U.S. 573, 602 (1980). The Supreme Court has not defined the "reason to believe" standard. A small minority of federal circuit courts have held that reasonable belief in the *Payton* context "embodies the same standard of reasonableness inherent in probable cause." *United States v. Vasquez-Algarin*, 821 F.3d 467, 480 (3rd Cir. 2016); *United States v. Gorman*, 314 F.3d 1105, 1111 (9th Cir. 2002). Rodgers would have us follow those courts and require a showing of probable cause to support the officers' entry into his room. We are more inclined to agree with the Fifth Circuit, which held that:

> [r]easonable belief embodies the same standards of reasonableness [as probable cause] but allows the officer, who has already been to the magistrate to secure an arrest warrant, to determine that the suspect is probably within certain premises without an additional trip to the magistrate and without exigent circumstances.

*United States v. Barrera*, 464 F.3d 496, 501 (5th Cir. 2006) (quoting *United State v. Woods*, 560 F.2d 660, 665 (5th Cir. 1977)). We will review the reasonableness of the officers' judgment. *Id*. An officer's assessment of a

suspect's whereabouts does not need to be correct, but merely grounded on the reasonable belief that the suspect resides at the dwelling and is currently there. *See Green v. State*, 78 S.W.3d 604, 612 (Tex. App.—Fort Worth 2002, no pet.).

Here, the officers had an arrest warrant for Davis and were told Davis was a maintenance man at the LaQuinta Inn, and he could be found in room 101. Thus, the evidence supports the trial court's implied finding that the officers had reason to believe Davis was in room 101. *See Payton*, 445 U.S. at 602; *Lerma*, 543 S.W.3d at 190. Therefore, they were lawfully in a place where the methamphetamine could be plainly viewed. *See Keehn*, 279 S.W.3d at 334. Deputy Willis testified that he had worked in the narcotics division since 2001 and can identify most narcotics on sight. He recognized the methamphetamine that was sitting in the open on a table in Rodgers's room. This satisfies the requirements that must be met to justify seizure of an object in plain sight. *See id.* Accordingly, the trial court's denial of Rodgers's motion to suppress was not arbitrary, unreasonable, or outside the zone of reasonable disagreement. *See Heath*, 696 S.W.3d at 689. We overrule Rodgers's sole issue.

We affirm the trial court's judgment.

_____

STEVE SMITH

Justice

OPINION DELIVERED and FILED: April 10, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris

Affirm

Do not publish

CR25

